# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Carolyn Sandra Rosario aka Carolyn Sandra López; Elinor Rosario Compson aka Elinor Cain Urcelina Rosario Compson; on their behalf and on behalf of the state of Diego Rosario Garcia<br><br>Plaintiffs<br><br>v.<br><br>Puerto Rico Port Authority, John Doe; Richard Roe; Unknown Insurance Company; Insurance Companies A, B, C<br><br>Defendants | CIVIL NO:<br><br>Plaintiffs Demand Trial by Jury |

## COMPLAINT

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiffs, Carolyn Sandra Lopez, et. al on their personal behalf and as members of the state of Diego Rosario Garcia through the undersigned attorney, and very respectfully state, allege and pray as follows:

### I. <u>PARTIES</u>

1. Plaintiff: Carolyn Sandra Rosario Compson aka Carolyn Sandra Lopez, is a U.S. citizen residing in Newark, NY, and a legal heir of Diego Rosario García.

2. Plaintiff Elinor Rosario Compson, aka Elinor Cain, is a U.S. citizen residing in

1

Marion NY, and a legal heir of Diego Rosario García.

3. Plaintiffs Urcelina Rosario Compson, is a U.S. citizen residing in Seneca Falls, NY, and a legal heir of Diego Rosario García.

4. Co-Defendant: Puerto Rico Port Authority is a public corporation organized under the laws of the Commonwealth of Puerto Rico with its principal place of business here in Puerto Rico.

5. Defendants John Doe and Richard Roe are unknown person(s) and/or legal entities organized and existing under the laws of Puerto Rico with its principal place of business in this jurisdiction, whose acts and omissions were the cause of plaintiffs' injuries and damages. Defendants are designated with a fictitious name because its correct name is unknown at the present. Plaintiffs would move accordingly with an amended complaint once their real names are known.

6. Co-Defendants: Unknown Insurance Company; Insurance Companies A, B, and C are unknown entities organized and doing business in Puerto Rico, that by information and belief provide insurance coverage to the Puerto Rico Port Authority and/or any other tortfeasor for the events herein described. Defendants are designated with a fictitious name because its correct name is unknown at the present. Plaintiffs would move accordingly with an amended complaint once their real names are known.

7. Puerto Rico Port Authority; John Doe; Richard Roe; Unknown Insurance Company; Insurance Companies A, B and C (hereinafter collectively "Defendants").

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1332 (a) because the parties are citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Supplemental jurisdiction is proper under 28 U.S.C. § 1367 for the related state law claims.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b), as the events giving rise to this claim occurred in the District of Puerto Rico.

## III. FACTUAL ALLEGATIONS

11. On or about September 28, 2024, at 1:15 PM. Diego Rosario Garcia (Mr. Rosario) lawfully entered the premises of the Antonio Rivera Rodriguez Airport in Vieques, Puerto Rico, along with her daughter Carolyn López to visit some friends.

12. As decedent Rosario walked through an exterior sidewalk of the airport that provides access to pedestrians, he tripped, lost his balance and fell due to an uneven floor and/or access that was deteriorated, with a missing piece of the floor that was not repaired, cordoned nor marked.

13. After losing his balance, decedent hit a nearby wall and suffered traumas on the shoulder and fell on the floor suffering severe damages to his left clavicular area; and traumas and abrasions on his left knee; and other part of his body including his ribs and that caused puncture in his lungs that required long term intubation.

14. Thereafter, Decedent was transported to Veteran Affair Emergency Room.

15. As a result of the trip and fall, decedent suffered traumas and severe physical damages, distress and agony.

16. Defendants knew or should have known about said hazardous condition and

3

failed to correct it or warn the public.

17. As a direct and proximate result of Defendant's negligence, Decedent sustained serious injuries, including but not limited to fractures of the 5th, 6th, 7th and 8th ribs; comminuted fracture of left clavicle; and lung's puncture.

18. Decedent endured pain and suffering as a result of these injuries until his death on November 12, 2024.

19. Plaintiffs, as the legal heirs, inherit his cause of action under Puerto Rico law for pre-death pain and suffering (31 L.P.R.A. § 10801), Art. 1536.

20. Plaintiffs also suffered emotional distress and loss of consortium due to his death.

21. Plaintiffs have an independent right of action under Puerto Rico law of torts.

### IV.   CAUSE OF ACTION

**Count I:**  Negligence

22. Plaintiffs repeat and reallege paragraphs 1 to 21 of the complaint as if fully set forth herein.

23. Article 1536 of the Puerto Rico Civil Code provides a general statute to tortious actions or omissions. P.R. Laws Ann. Tit. 31 § 10801. This article provides, in pertinent part, the following: "[a] person who by an act or omission causes damage to another through fault or negligence shall be obliged to repair the damage so done.

24. Decedent-Mr. Rosario Garcia's fall was caused due to the poor condition of the uneven surface of the sidewalk that at the time of the incident had no warnings or signs of the dangerous condition on the Antonio Rivera Rodriguez Airport premises. The fall occurred in a surface of the sidewalk that is part of the pedestrian network of the

4

Antonio Rivera Rodriguez Airport in Vieques that was not stable, neither firm nor provided an even and level surface.

25. The area of occurrence of Decedent's incident lacks proper and/or adequate maintenance, and the walking surface is poorly graded/finished and shows signs of poor supervision and inspection by the Defendants.

26. The surface of sidewalks and all parts of the pedestrian network must be stable, firm and care must be taken to provide an even and level surface.

27. Sidewalks or pedestrian paths will be accessible to the maximum extent feasible to all people according to the standards, codes and regulations.

28. The lack of code-compliance and the poor maintenance of the sidewalk on the Antonio Rivera Rodriguez Airport premises is considered a hazardous condition, which was the direct cause of the accident suffered by Decedent, exacerbated by the lack of supervision by the airport's personnel.

29. The unsafe access/sidewalk that caused Decedent trip and fall at the Antonio Rivera Rodriguez Airport premises constitutes a dangerous condition to invitees, that visit the building, because it does not meet the required building codes for ramps and/or access for this type of facilities, nor does it meet standards required by laws and ordinances.

30. The lack of building code and regulation compliance of the ramp at Antonio Rivera Rodriguez Airport premises constitute Negligence Per Sé and a breach of duty to meet walking surface standards.

31. As a result of the trip and fall, Mr. Rosario Garcia including fractures of the 5th, 6th, 7th and 8th ribs, and a comminuted fracture of left clavicle and puncture in his lungs that required prolonged hospitalization.

32. Defendants owed a duty of care to maintain the premises in a reasonably safe condition for visitors.

33. Defendants breached that duty by failing to maintain, inspect, repair, or warn of the dangerous condition.

34. As a direct result, Decedent suffered pain and suffering prior to death, for which Plaintiffs are entitled to damages.

35. All co-defendants are jointly and severally liable under Article 1536 and 1540 of the Civil Code of Puerto Rico.

**COUNT II (INHERITED CAUSE OF ACTION).**

36. Plaintiffs repeat and reallege paragraphs 1 to 35 of the complaint as if set forth at length herein.

37. Defendants' negligence caused Decedent's damages and sufferings until his eventual death.

38. Plaintiffs inherited decedent causes of action derived from defendants' negligence and omissions.

**COUNT III – VICARIOUS LIABILITY / SUPERVISORY NEGLIGENCE**

39. Plaintiffs repeat and realleges paragraphs 1 to 38 of the complaint as if set for a length herein.

40. Defendants are vicariously liable for the acts or omissions of their employees, personnel and agents under the doctrine of respondent superior.

**COUNT IV – DIRECT ACTION AGAINST INSURER (23 LPRA § 2003)**

41. Plaintiffs repeat and reallege paragraphs 1 to 40 of the complaint as if set for a length herein.

42. Pursuant to Puerto Rico's Direct-Action Statute, Plaintiffs assert claims

directly against co-Defendant's Insurance Company Unknown and Insurance Companies A, B and C carriers for coverage of all damages alleged.

43. Pursuant to Article 20.030 of the Puerto Rico Insurance Code, P.R. Laws Ann. Title. 26, 2003, Plaintiffs have a Direct cause of Action against the insurer of the defendants and unknown tortfeasors at this time and not named in this Complaint.

44. At all times pertinent to this action, defendants Unknown Insurance Company and Insurance Company A, B and C had in full force and effect an insurance policy covering the legal liability of UNKNOWN TORTFEARS and /or defendants for the acts and omissions claimed herein. Pursuant to the applicable law, they are jointly and severally liable with its insured, their agents and/or employees for their negligent acts and omissions.

45. All of the named defendants are jointly and severally liable to the Plaintiffs for the damages claim in this case.

**COUNT V: DAMAGES**

46. Plaintiffs repeat and reallege paragraphs 1 to 45 of the complaint as if set for a length herein.

47. As a direct and proximate cause of defendants' negligence and omissions, the Decedent suffered physical degree of impairment from the injuries suffered described below, and ongoing suffering, which were foreseeable from the incident.

48. Furthermore, decedent suffered:
    a. Traumas in his knee;
    b. trauma on the left shoulder;
    c. abrasions;
    d. puncture in his lungs;

    e.    pain in left clavicular area;

    f.    shortness of breath (hypoxia);

    g.    ten (10) day intubation;

    h.    left ribs area pain;

    i.    comminuted of left clavicle;

    j.    fractures of the 5th, 6th, 7th and 8th ribs

    k.    left clavicle fracture

    l.    prolonged medical care;

    m.    prolonged immobilization;

    n.    prolonged hospitalization;

    o.    internal hemorrhage;

    p.    required ambulation with cane;

    q.    X-rays exposure on knee; ribs; shoulder

    r.    Emergency care at the hospital (including CT and studies);

    s.    Pulmonary contusion with effusion;

    t.    loss of enjoyment of life;

    u.    symptoms like depression and anxiety;

    v.    intense pain until his death in the hospital;

    w.    past, present and future medical costs;

    x.    exacerbation of health conditions;

49.    The damages suffered by Decedent are a direct and proximate cause of Defendants' fault, negligence and omissions.

50.    Defendants' negligence caused Decedent's damages and sufferings until his eventual death which are inherited by decedent's heirs.

51. Plaintiffs were very close to Decedent, living together and/or sharing a loving relationship, who suffered deeply their own individual mental damages until Decedent death.

52. As a direct and proximate cause of defendants' negligence and omissions, Plaintiffs, Carolyn Sandra Rosario aka Carolyn Sandra López; Elinor Rosario Compson aka Elinor Cain Urcelina Rosario Compson; on their behalf and on behalf of the state of Diego Rosario Garcia have suffered emotional damages, with symptoms felt like agony, distress, loss of enjoyment of life, ongoing suffering, by seeing and/or knowing about his father critical health condition and excruciating pain, and discomfort; furthermore they provided support to their father in daily activities and doctor's visits; took care of him until his death; among others, which where foreseeable from the incident. Thus, Plaintiffs seek monetary damages for them.

53. Defendants are responsible for decedent's own damages as a result of the pain, physical damages; fractures; agony, intubation; and shortness of breath that led to the Decedent demise.

54. Decedent provided happiness to Carolyn, Elinor and Urcellina. At the same time Plaintiffs provided support and assistance to Decedent in his daily life and activities.

55. As a direct result of defendants' negligent acts and omissions and failure to comply with local code regulations and protocols to protect visitors, Plaintiffs have suffered damages including, but not limited to, emotional distress, mental anguish, psychological damage of a permanent nature, persistent grief with post-traumatic features, loss of companionship and affection and loss of enjoyment of life.

56. Plaintiffs seek compensatory damages for Decedent's pain and suffering prior to death in an amount not less than ONE MILLION DOLLARS ($1,000,000.00) which is inherited to Plaintiffs.

57. The emotional damages suffered by Decedent are estimated in a sum in excess of FIVE HUNDRED THOUSAND DOLLARS ($500,000.00) which is inherited to Plaintiffs.

58. The Damages for emotional distress; pain and agony and loss of consortium suffered by each Plaintiff in the amount as follows:

    a. Carolyn Sandra Rosario Compson not less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

    b. Elinor Rosario Compson no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

    c. Urcelina Rosario Compson no less than FIVE HUNDRED THOUSAND DOLLARS ($500,000.00)

    d. Expenses in the amount of not less than TEN THOUSAND DOLLARS ($10,000.00).

59. Defendants are jointly and severally liable for these damages pursuant to Article 1163 (31 L.P.R.A. § 9315).

**COUNT VI. PUNITIVE DAMAGES**

60. The preceding paragraphs are incorporated as if fully set forth herein.

61. Defendants' egregious misconduct and reckless disregard for safety caused plaintiffs' damages as they knew and/or should have known about the dangerous conditions on their premises.

62. Defendant's deviation to standards, codes, regulations and safety and maintenance standards and good practice in the walking surface demonstrate the requisite intent and malice to justify punitive damages under Puerto Rico law.

10

63. Thus, plaintiffs respectfully request an award of such damages in an amount not less than One Million Dollars **$1,000,000.00** for Plaintiffs as an award that deemed appropriate by the Court and jury.

## JURY TRIAL DEMANDED

64. Plaintiffs incorporate each allegation set forth above as if fully set forth herein in their entirety.

65. Plaintiffs demand **a trial by jury.**

**WHEREFORE**, plaintiffs Carolyn Sandra Rosario aka Carolyn Sandra López; Elinor Rosario Compson aka Elinor Cain Urcelina Rosario Compson; on their behalf and on behalf of the state of Diego Rosario Garcia , pray that, after due proceedings, the Court grants the Complaint and enters judgment in his favor and against all defendants jointly and severally, granting the damages claimed herein, and taxing a reasonable amount for attorney's fees, costs of these proceedings, and any other equitable relief.

**RESPECTFULLY SUBMITTED**.

In San Juan, Puerto Rico, this **16th day of June of 2025**.

**Charles Gomez Law Office, LLC**
P.O. Box 1360
Trujillo Alto, P.R. 00977

11

Tel. (787)-662-0178<br>
Fax. (787)-724-6780

***s/ Francisco L. Charles***<br>
USDC-PR-303211<br>
fcharleslaw@gmail.com